# CIRCUIT COURT OF THE CITY OF NORFOLK

Norfolk Community
Services Board

    v.

Linda M. Berardi,
Jill D. McGlone,
Anthony Crisp,
Brenda Wise,
and George Pratt

August 17, 2012

Case No. (Civil) CL11-2968

BY JUDGE EVERETT A. MARTIN JR.

*Partial Final Judgment Order and Order Staying Case*

This action again came before the Court on August 16, 2012, on the plaintiff's motion for leave to file a second amended complaint. The plaintiff appeared by counsel, Adam D. Melita, Esq. Linda M. Berardi and Anthony D. Crisp appeared by counsel, Kevin E. Martingayle, Esq. George W. Pratt appeared by counsel, Thomas B. Kelly, Esq. Brenda B. Wise appeared by counsel, Andrew M. Sacks, Esq. Jill D. McGlone did not appear in person or by counsel.

The plaintiff's motion, filed on March 1, 2012, states that it learned on November 2, 2011, that a department of the Commonwealth determined it would be obligated to repay monies improperly paid to McGlone and that it thereafter repaid $186,231 to that department. The proposed second amended complaint increases the *ad damnum* by $186,231, and it adds claims for breach of fiduciary duty against Berardi, Crisp, Pratt, and Wise. It makes no new claims against McGlone.

By order of February 15, 2012, the Court sustained the demurrers of Berardi, Crisp, Wise, and Pratt to claims of actual fraud, constructive fraud, negligence, and gross negligence in the amended complaint and dismissed those claims without leave to amend.

By order of May 23, 2012, the Court sustained Pratt's demurrer to the claim of breach of contract and dismissed that claim without leave to amend.

The Court finds that the orders of February 15 and May 23, 2012, were not final orders for purposes of Rule 1:1 as they were not styled "Partial Final Judgment" nor did they contain the express findings prescribed by Rule 5:8(a).

Nonetheless, the Court denies leave to amend further. The Court granted the plaintiff leave to amend by order of September 15, 2011. The plaintiff has had two opportunities to state its claims against the defendants. Berardi, Crisp, and Wise have been out of the case for six months; Pratt for almost three months. Of more significance, the Court does not believe the second amended complaint would likely survive a demurrer, and Berardi, Crisp, Wise, and Pratt ought not to be required to incur significant additional legal fees to defend this action.

Putting aside whether a public employee who is not an officer can be a fiduciary in the circumstances alleged, the claims of breach of fiduciary duty here arise *ex contractu*, that is, out of employment. Second amended complaint, paragraphs 70, 111, 153, and 188. What the Court concluded about the plaintiff's right to recover damages from Pratt on the breach of contract claim in the amended complaint (letter to Mr. Melita and Mr. Kelly of May 23, 2012, pp. 3-4) would apply to the proposed claims.

The Court further finds that the interests of Berardi, Crisp, Pratt, and Wise and the grounds for the dismissals of the claims against them are separate and distinct from those raised by the issues in the claims against McGlone, that the results of any appeal from this judgment cannot affect the decision of the claims against McGlone, that the decision of the claims against McGlone cannot affect the disposition of the claims against Berardi, Crisp, Pratt, and Wise should they be restored to this case by a reversal of this judgment. The Court notes that the plaintiff, of course, could not recover the same money more than once.

It is therefore adjudged, ordered, and decreed that the plaintiff is denied leave to file its proposed second amended complaint and that the claims in the amended complaint against Berardi, Crisp, Pratt, and Wise are dismissed with prejudice. The Court denies Pratt's claim for attorney's fees.

The Court having been advised that McGlone has filed a petition for bankruptcy in the U.S. Bankruptcy Court, it is hereby ordered that this action is stayed against McGlone until further order from the U.S. Bankruptcy Court, and the case is removed from the trial docket of October 29, 2012. Endorsements are waived pursuant to Rule 1:13.